UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Ft. Pierce Division

Case Number: 10-14124-CIV-MARTINEZ-LYNCH

JOHAN FISCHER and CYNTHIA FISCHER,

    Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER ON MOTION FOR REMAND

THIS CAUSE came before the Court upon Plaintiffs' Motion For Remand **(D.E. No. 8)** and Defendant's Motion to Amend Notice of Removal **(D.E. No. 19)**. For the reasons herein, the motion to remand is denied.

### I. Background

Plaintiff filed the instant case in the Circuit Court for the Nineteenth Judicial Circuit in and for Indian River County, Florida, seeking recovery of underinsured motorist benefits and asserting claims for negligence by the underinsured motorist, for loss of consortium, and for insurer bad faith. The complaint stated that damages exceeded $15,000.00, which is a jurisdictional requirement of the state court.

Defendant removed this matter pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332. In its notice of removal, Defendant alleged that the amount in controversy is $100,000. Defendant attached a letter from Plaintiffs' counsel stating that the Mr. Fischer's medical expenses were "in excess of $5,000.00 and are continuing to accumulate." The letter also stated that "a very

conservative estimate of the value of the intangible damage portion of this claim could easily exceed $100,000." The letter and a follow-up letter made demands for settlement in the amount of $100,000, the policy limits.

Defendant's Notice of Removal's concluding sentence "pray[ed] that the above entitled action be removed from the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida to this Court." With the exception of the final sentence, the Notice of Removal correctly identified the state court as the Circuit Court for the Nineteenth Judicial Circuit in and for Indian River County, Florida.

## II. Analysis

**A.    Notice of Removal**

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellant courts." 28 U.S.C. § 1653. "A formal defect in a pleading does not deprive the court of jurisdiction if it is clear that the court had jurisdiction under the facts at the time of filing the complaint." *Lewis v. D. Hays Trucking, Inc.*, No. 1:08-CV-1904-JOF, 2008 WL 4664061, at *1 (N.D. Ga. Oct. 17, 2008). "[A] petition for removal may be amended after the thirty day period [for removals] provided the original petition is merely 'defective.'" *Rossi, Turecamo & Co. v. Best Resume Serv., Inc.*, 497 F. Supp. 437, 441 (N.D. Fla. 1980). The Court will, accordingly, permit the Defendant to amend the notice of removal to correct the clerical error in the final sentence.

**B.    Jurisdictional Amount**

Where the Court's jurisdiction is based upon diversity, the Court has jurisdiction if the matter in controversy "exceeds the sum or value of $75,000 exclusive of interest and costs" and

the parties have diverse citizenship. 28 U.S.C. § 1332. As the diversity of the parties has not been disputed, the only jurisdictional issue before the court on this motion is whether the Defendant satisfied the amount in controversy requirement of 28 U.S.C. § 1332. "If a plaintiff has not pleaded a specific amount in damages, the removing defendant bears the burden to show by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement." *AAA Abachman Enterprises, Inc. v. Stanley Steemer International, Inc.*, 268 Fed. Appx. 864, 866 (11th Cir. 2008). Because this motion to remand was timely filed within 30 days of removal, "the court considers the document received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007). This evidence includes the Notice of Removal and the attached exhibits.

Evidence of a settlement demand in excess of $75,000.00 constitutes evidence that the jurisdictional requirement has been met. *See AAA Abachman Enter.*, 268 Fed. Appx. at 866 (relying in part on a demand letter from the plaintiff's attorney in finding that the amount in controversy had been met); *Bowen v. State Farm Mutual Auto. Ins. Co.*, No. 6:10-cv-144-Orl-19DAB, 2010 WL 1257470, at *3 (M.D. Fla. March 29, 2010) (holding that a demand letter for $100,000 constitutes "legally certain evidence that Plaintiff seeks damages in excess of $75,000.") (internal quotations omitted). Plaintiffs have not introduced evidence that the amount in controversy is $75,000 or less. Defendant has accordingly met its burden of showing by a preponderance of the evidence that the jurisdictional amount was met. It is hereby:

**ORDERED and ADJUDGED** that

1. Defendant's Motion to Amend Notice of Removal **(D.E. No. 19)** is **GRANTED**.

Defendant must file the amended Notice of Removal as a separate docket entry.

2. Plaintiffs' Motion For Remand **(D.E. No. 8)** is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 14th day of February, 2011.

/s/ Jose E. Martinez
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Lynch
All Counsel of Record